UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **ESMERALDA GAYTAN SANCHEZ,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-00250 |
| § | |
| **ORLANDO PEREZ,** *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Pending before the Court is Petitioner Esmeralda Gaytan Sanchez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS).

Petitioner filed her Petition for Writ of Habeas Corpus on February 19, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States for twenty-nine years after fleeing persecution in Mexico. (*See id.* at 2.) On December 1, 2025, Petitioner was apprehended by immigration authorities after she was pulled over when driving home from work and was taken into custody where she remains detained. (*Id.*) Petitioner is in ongoing removal proceedings and has filed an Application for Asylum, withholding of removal, and protection under the Convention Against Torture Act. (*Id.*) Petitioner argues she is being unlawfully detained in violation of her rights under the Due Process Clause of the Fifth Amendment, Immigration and Nationality Act (INA), Administrative Procedure Act (APA), Suspension Clause, and the *Accardi* Doctrine. (*Id.*

at 22–36.) She asks the Court to order her immediate release or in the alternative, provide her with a bond hearing. (*Id*. at 37.)

The Court ordered Respondents to show cause and respond to Petitioner's Petition on or before February 27, 2026, which is between the three-to-twenty-day time period contemplated by 28 U.S.C. § 2243. (Dkt. 4.) After the Court became aware of a clerical error with service of processes, the Court issued another order to show cause and respond to Petitioner's Petition on or before March 16, 2026. (Dkt. 6.) The Court's Order was served electronically on Respondents, and the Court advised Respondents that if no response was received, the Court may treat the Petition as unopposed. (*Id.* at 1.) Respondents failed to respond and Petitioner filed Motions for Summary Judgement. (Dkts. 5, 7.) Accordingly, the Court treats Petitioner's Petition as unopposed.

The Court notes that on February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, — F.4th —, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at *4. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at *9.

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla*

*Chicas v. Warden.*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and because Respondents have failed to file a response, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through her residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of her flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026).

      Thus, the Court holds that because Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**. Petitioner's Motion for Summary Judgment, (Dkt. 5), and Renewed Motion for Summary Judgment, (Dkt. 7), are **DENIED AS MOOT**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3. Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4. If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

5. Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this March 13, 2026.

_____
Diana Saldaña
United States District Judge